# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JERRY D. POUGH,

    *Petitioner*,

vs.

DOUG GILLESPIE, *et al.*

    *Respondents*.

2:13-cv-00644-JCM-NJK

ORDER

This closed habeas matter comes before the court on: (a) two motions (## 8 & 10) for hearing; (b) a motion (#9) for copies; (c) a motion (#11) for permission to appeal; and (d) a limited remand (#15) by the court of appeals for consideration of possible issuance of a certificate of appealability (COA).

The two motions for hearing, *inter alia*, seek reconsideration of the court's order and judgment of dismissal. The motions were mailed and/or filed within the time period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure. The court therefore has jurisdiction to consider the motions notwithstanding the pending appeal.

The court dismissed the matter without prejudice under LSR 2-2 of its local rules after court mail sent to the institutional address given by petitioner was returned as undeliverable. The local rule provides that a litigant must immediately file written notification of any change of address and that failure to comply with the rule may result in dismissal.

There was nothing improper with the dismissal on the record presented. The very first mailing sent by the clerk to the address given by petitioner was returned only a matter of days

later. Several weeks later, the court dismissed the action without prejudice. Such a dismissal for failure to provide a notice of change of address as required by a court's local rules is in accord with governing law. *See, e.g., Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

That said, it is the court's practice to relieve a party from such a dismissal on a promptly-filed motion if it is demonstrated, for example, that mail was returned to the court in error or that circumstances beyond the party's control caused the returned mail. In the present case, petitioner maintains that he was transferred to a psychiatric facility for evaluation under conditions in which he could not provide prompt written notification of his change of address. Petitioner's showing is sufficient for the court to grant relief under Rule 59 and vacate the prior order and judgment dismissing the action without prejudice.

The court therefore will grant in part petitioner's motions seeking reconsideration and will reopen the matter. If petitioner simply had filed a motion for reconsideration without also filing an appeal, the matter now would be postured to proceed forward. The court instead must await action by the court of appeals on the pending appeal before proceeding forward.

Turning to consideration of possible issuance of a certificate of appealability,[1] jurists of reason would not find debatable or wrong the court's dismissal of the action without

---

[1] The limited remand (#15) order refers to the petition as arising under 28 U.S.C. § 2254. However, it would appear that the petition instead arises under 28 U.S.C. § 2241 because petitioner is a pretrial detainee seeking to restrain a pending state criminal proceeding. It nonetheless appears that a COA is required in this procedural context. *See, e.g., Wilson v. Belleque*, 554 F.3d 816, 824-25 (9th Cir. 2009)(a COA is required for an appeal when an inmate or detainee in state custody seeks relief under § 2241).

To the extent that petitioner expresses a concern about his action being "improperly docketed" as a § 2254 proceeding rather than a § 2241 proceeding, the clerk's designation does not impact the court's review. All petitions, including § 2241 petitions, first must be screened and the filing fee requirement must be satisfied either by grant of pauper status or payment of the filing fee. In the present action, legal mail was returned as undeliverable virtually from the outset of the case. The matter therefore never reached the point of being screened. The court otherwise seeks to reach matters as promptly as its resources allow.

Petitioner further seeks to argue the two motions that were denied when the action was dismissed. However, the motions were denied because the action was being dismissed. The court will take up the motions *de novo* in connection with the screening of the petition, once the pending appeal is concluded.

Petitioner's contention that he was transferred to the psychiatric facility in violation of Rule 23(a) of the Federal Rules of Appellate Procedure (FRAP) is frivolous. That rule applies to transfers "[p]ending review of a decision in a habeas corpus proceeding . . . for the release of a prisoner." There has been no decision issued for the release of petitioner. FRAP 23(a) therefore is wholly inapplicable.

prejudice under the court's local rule on the record then presented. As discussed above, there was nothing improper with the dismissal based upon the record presented. Moreover, a dismissal without prejudice to the filing of a new action could cause no substantial prejudice to petitioner. He is a pretrial detainee seeking to restrain a pending state criminal proceeding. He therefore faced no potential time-bar issue, and he could pursue his claim for the extraordinary relief sought – a federal court order restraining a pending state criminal proceeding – also in any new action filed. Meanwhile, it is established beyond peradventure that a court retains inherent authority to control and manage its docket in this manner in a situation where a litigant does not keep the court apprised of his current address. In all events, however, an appeal would appear to be moot at this juncture following upon this court vacating the dismissal on petitioner's timely Rule 59 motions.

IT THEREFORE IS ORDERED that petitioner's motions (## 8 & 10) for hearing are GRANTED IN PART and DENIED IN PART, such that the court VACATES the prior order (#6) and judgment (#7) of dismissal and REOPENS the matter.

IT FURTHER IS ORDERED that the motion (#9) for copies is GRANTED IN PART to the extent that the clerk shall SEND petitioner a copy of all of ## 1 & 2.

IT FURTHER IS ORDERED that petitioner's motion (#11) for permission to appeal, to the extent directed to this court, is DENIED and that, following upon the limited remand order (#15), this court DENIES a certificate of appealability. The clerk shall prominently reflect the denial of a certificate of appealability in the docket entry for this order. The clerk further shall provide notice to the court of appeals of this court's action and make the record available to the appellate court in a manner consistent with the clerk's current practice for such matters.

Nothing in either this court's order or the mere pendency of this action in any manner restrains the state courts from proceeding in the pending criminal prosecution.

DATED  August 22, 2013.

_____
JAMES C. MAHAN
United States District Judge

-3-