# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JERRY D. POUGH,

    *Petitioner*,

vs.

DOUG GILLESPIE, *et al.,*

    *Respondents*.

2:13-cv-00644-JCM-NJK

ORDER

This habeas matter under 28 U.S.C. § 2241 comes before the court on petitioner's applications (## 1 & 12) to proceed *in forma pauperis* and for initial review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. The court finds that petitioner is unable to pay the filing fee and therefore will grant the pauper applications. Turning to initial review, petitioner seeks to restrain his pending Nevada state criminal prosecution for murder. On initial review, it appears that all habeas claims in the petition are wholly unexhausted, that the petition is barred under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), and that the petition also includes jail conditions claims that are not cognizable in a federal habeas corpus proceeding. Petitioner therefore must show cause in writing why the petition should not be dismissed without prejudice.

### *Background*

The papers on file and the online dockets of the state district court and state supreme court reflect the following.

Petitioner Jerry Pough has been charged in Nevada state court pursuant to an indictment with murder with the use of a deadly weapon. Trial in No. C-12-281031-1 in the state district court is scheduled for February 3, 2014, as a firm setting.

Pough currently is representing himself in the state criminal proceedings, per his request. Pough moved to stay his trial pending the outcome of the present federal habeas action, which motion the state district court denied on July 10, 2013. This action by the state district court is in full accord with this court's subsequent statement regarding the effect of the pending federal proceedings. The court stated in its August 22, 2013, order: "Nothing in either this court's order or the mere pendency of this action in any manner restrains the state courts from proceeding in the pending criminal prosecution." #16, at 3.

In federal court, petitioner has submitted a 272-page entirely handwritten petition under 28 U.S.C. § 2241 seeking, in the main, to restrain the pending state criminal proceedings. While lengthy, the petition includes allegations that despite their length nonetheless are merely conclusory recitals of pseudo-legal jargon. Further, each ground includes what are in truth multiple distinct constitutional claims that are combined together within the single ground and then repeated thereafter multiple times in later grounds. The petition therefore presents a multiplicity of overlapping repetitive constitutional claims that, while prolix, in truth lack specificity and could be stated in a much shorter and focused document.[1]

Against that backdrop, the eight grounds present, *inter alia*, the following claims.

Ground 1 includes a due process claim alleging that the state criminal proceedings are arbitrary, oppressive and unjust. The ground includes allegations regarding a wide range of alleged constitutional violations concerning, *inter alia*, the competency determination, the right to self-representation, pretrial delay and sufficiency of the evidence.

---

[1] At this juncture, the court has not granted petitioner's motion for leave to file a petition with excess pages. The petition appears to be subject to dismissal without prejudice on its face, and it further appears that petitioner is seeking to use the mere pendency of this federal habeas proceeding to retard the progress of the state criminal proceeding. The more appropriate course would be to defer any order to amend the petition on the required § 2241 form – and with far, far less prolix albeit conclusory allegations – until after the court has considered whether the petition should be dismissed on its face on this show-cause inquiry.

Ground 2 includes a due process claim alleging, *inter alia*, impropriety in the competency proceedings, denial of the right to self-representation, an allegedly defective *Marcum* notice of the grand jury proceedings, denial of discovery, denial of access to the courts and alleged ineffective assistance of counsel.

Ground 3 seeks to assert a speedy trial claim, but it also includes similar rambling, repetitive and overlapping constitutional claims based on other alleged errors.

Ground 4 seeks to assert claims of ineffective assistance of standby counsel, but it also includes similar rambling, repetitive and overlapping constitutional claims based on other alleged errors.

Ground 5 seeks to assert a fourth amendment claim challenging a prior probable cause determination, but it also includes similar rambling, repetitive and overlapping constitutional claims based on other alleged errors, such as an alleged denial of discovery.

Ground 6 refers initially to an eighth amendment prohibition on excessive bail but then seeks to raise multiple claims under the eighth amendment regarding the conditions of petitioner's confinement in the Clark County Detention Center while awaiting trial, such as the quality of the food at the jail.

Ground 7 includes claims of ineffective assistance of counsel, while again repeating prior allegations regarding alleged court errors.

Ground 8 largely repeats prior allegations under the rubric of an equal protection clause claim.

No potentially viable double jeopardy claim is presented in the 272-page petition.

Petitioner has not pursued any of his claims challenging his state criminal prosecution in the state courts through to a decision on the merits by the state supreme court. The only proceeding pursued by petitioner in the state supreme court, in No. 62336, concerns a different state district court matter where the court granted a judicial marshal's petition for blood draws to rule out communicable disease after an incident involving petitioner. That proceeding: (a) does not fairly present claims challenging the state criminal prosecution; and (b) in any event has not yet resulted in a final decision by the state supreme court.

***Discussion***

***Exhaustion***

A state criminal defendant seeking to restrain the pending state proceedings via a federal writ of habeas corpus first must exhaust his state court remedies before presenting his constitutional claims to the federal courts. The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980).[2]

To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In the present case, petitioner has not fairly presented any of his habeas claims challenging the state criminal proceeding in an appropriate proceeding where the claims were decided on the merits by the state supreme court.

---

[2]*Accord Justices of Boston Muni. Court v. Lydon*, 466 U.S. 294, 333 (1984)(Stevens, J., concurring in part and concurring in the judgment); *Rose v. Lundy*, 455 U.S. 509, 515 (1982)(exhaustion doctrine predates statutory codification); *Ex parte Hawke*, 321 U.S. 114, 117 (1944)(applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts).

The petition therefore is entirely unexhausted as to any cognizable federal habeas claims. Petitioner therefore must show cause why the petition should not be dismissed without prejudice for complete lack of exhaustion.

**Younger Abstention**

As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

Petitioner therefore must show cause why the petition, even if *arguendo* exhausted, should not be dismissed without prejudice under the *Younger* abstention doctrine.

**Noncognizable Claims**

Petitioner may not combine habeas claims challenging his state court prosecution with civil rights claims challenging the conditions of his confinement. Petitioner can pursue any claims regarding the conditions of his confinement only separately in a federal civil rights action under 42 U.S.C. § 1983. In such an action, he must comply with the installment payment requirements for an indigent inmate under the Prison Litigation Reform Act with regard to the $350.00 filing fee for a civil rights action.

Petitioner therefore must show cause why all claims in the petition challenging his conditions of confinement, including those in ground 6, should not be dismissed without prejudice as not cognizable in a federal habeas proceeding.

IT THEREFORE IS ORDERED that petitioner's applications (## 1 & 12) to proceed *in forma pauperis* are GRANTED such that petitioner will not be required to pay the $5.00 filing fee for this action. The clerk shall retain the petition at present without filing same as the court has not granted leave at this juncture to file the petition as presented.

1    IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why: (a) the petition should not be dismissed without prejudice for lack of exhaustion; (b) the petition also should not be dismissed without prejudice based upon the *Younger* abstention doctrine; and (c) all claims in the petition challenging the conditions of his confinement, including those asserted in ground 6, should not be dismissed without prejudice as not cognizable in a federal habeas proceeding.

    IT FURTHER IS ORDERED that, if petitioner maintains that any claims in the petition have been exhausted, petitioner shall attach with his response copies of any and all papers that were accepted for filing in the state courts that he contends demonstrate that the claims are exhausted. All factual assertions must be specific and supported by competent evidence.

    If petitioner does not timely and fully respond to this order, or does not show adequate cause as required, the entire petition will be dismissed without further advance notice.[3]

    **Given the impending trial date and the concerns of federalism and comity implicated by the pendency of this federal action, no extension of time will be granted to respond to this order except in the most compelling of circumstances. Nothing in either this court's orders to date or the mere pendency of this action in any manner restrains the state courts from proceeding in the pending criminal prosecution.**

    The clerk additionally shall mail an informational hard copy of this order to the Hon. Carolyn Ellsworth, District Judge, Regional Justice Center, 200 Lewis Ave., Las Vegas, NV 89155, in connection with No. C-12-281031-1 in the state district court.

    DATED: December 11, 2013.

_____
JAMES C. MAHAN
United States District Judge

---

[3] The court has not completed initial review herein as to other potential issues, and this order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.