# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JERRY D. POUGH, | |
| *Petitioner*, | 2:13-cv-00644-JCM-NJK |
| vs. | ORDER |
| DOUG GILLESPIE, *et al.*, | |
| *Respondents*. | |

This habeas matter under 28 U.S.C. § 2241 comes before the court on: (a) its *sua sponte* inquiry into whether the petition should be dismissed for lack of exhaustion and further under the absention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971); and (b) petitioner's motion (#25) for orders and motion (#26) for cause for issuance of writ.  The court previously issued a show-cause order (#24) directing petitioner to show cause why the petition should not be dismissed for lack of exhaustion and under *Younger* abstention.  Petitioner presents his show-cause response in the second pending motion (#26).

### *Background*

The papers on file and the online dockets of the state district court and state supreme court reflect the following.

Petitioner Jerry Pough has been charged in Nevada state court pursuant to an indictment with murder with the use of a deadly weapon.  Trial in No. C-12-281031-1 in the state district court is scheduled for February 3, 2014, as a firm setting.

Pough currently is representing himself in the state criminal matter, at his request.

In federal court, petitioner has submitted a 272-page entirely handwritten petition under 28 U.S.C. § 2241 seeking, in the main, to restrain the pending state criminal proceedings. While lengthy, the petition includes allegations that despite their length nonetheless are merely conclusory recitals of legal jargon. Further, each ground includes what are in truth multiple distinct constitutional claims that are combined together within the single ground and then repeated thereafter multiple times in later grounds. The petition therefore presents a multiplicity of overlapping repetitive constitutional claims that, while prolix, in truth lack specificity and could be stated in a much shorter and focused document.[1]

Against that backdrop, the eight grounds present, *inter alia*, the following claims.

Ground 1 includes a due process claim alleging that the state criminal proceedings are arbitrary, oppressive and unjust. The ground includes allegations regarding a wide range of alleged constitutional violations concerning, *inter alia*, the competency determination, the right to self-representation, pretrial delay and sufficiency of the evidence.

Ground 2 includes a due process claim alleging, *inter alia*, impropriety in the competency proceedings, denial of the right to self-representation, an allegedly defective *Marcum* notice of the grand jury proceedings, denial of discovery, denial of access to the courts and alleged ineffective assistance of counsel.

Ground 3 seeks to assert a speedy trial claim, but it also includes similar rambling, repetitive and overlapping constitutional claims based on other alleged errors.

Ground 4 seeks to assert claims of ineffective assistance of standby counsel, but it also includes similar rambling, repetitive and overlapping constitutional claims based on other alleged errors.

---

[1] At this juncture, the court has not granted petitioner's motion for leave to file a petition with excess pages. The petition appears to be subject to dismissal without prejudice on its face, and it further appears that petitioner is seeking to use the mere pendency of this federal habeas proceeding to retard the progress of the state criminal proceeding. The more appropriate course would be to defer any order to amend the petition on the required § 2241 form – and with far, far less prolix albeit conclusory allegations – until after the court has considered whether the petition should be dismissed on its face on this show-cause inquiry.

Ground 5 seeks to assert a fourth amendment claim challenging a prior probable cause determination, but it also includes similar rambling, repetitive and overlapping constitutional claims based on other alleged errors, such as an alleged denial of discovery.

Ground 6 refers initially to an eighth amendment prohibition on excessive bail but then seeks to raise multiple claims under the eighth amendment regarding the conditions of petitioner's confinement in the Clark County Detention Center while awaiting trial, such as the quality of the food at the jail.

Ground 7 includes claims of ineffective assistance of counsel, while again repeating prior allegations regarding alleged court errors.

Ground 8 largely repeats prior allegations as an equal protection clause claim.

No potentially viable double jeopardy claim is presented in the 272-page petition.

Petitioner has not pursued any of his claims challenging his state criminal prosecution in the state courts through to a decision on the merits by the state supreme court. The only proceeding pursued by petitioner in the state supreme court, in No. 62336, concerns a different state district court matter where the court granted a judicial marshal's petition for blood draws to rule out communicable disease after an incident involving petitioner. That proceeding: (a) does not fairly present claims challenging the state criminal prosecution; and (b) in any event has not yet resulted in a final decision by the state supreme court.

### *Discussion*

### *Exhaustion*

A state criminal defendant seeking to restrain the pending state proceedings via a federal writ of habeas corpus first must exhaust his state court remedies before presenting his constitutional claims to the federal courts. The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). *Accord Justices of Boston Muni. Court v. Lydon*, 466 U.S. 294, 333 (1984)(Stevens, J.,

concurring in part and concurring in the judgment); *Rose v. Lundy*, 455 U.S. 509, 515 (1982)(exhaustion doctrine predates statutory codification); *Ex parte Hawke*, 321 U.S. 114, 117 (1944)(applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts).

To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In the present case, petitioner has not fairly presented any of his habeas claims challenging the state criminal proceeding in an appropriate proceeding where the claims were decided on the merits by the state supreme court. The petition therefore is entirely unexhausted as to any cognizable federal habeas claims.

Petitioner's extensive arguments in his filings beg the question as to the complete lack of exhaustion as to any of his claims.

Petitioner urges, *inter alia*, that he is unable to pursue a state court pretrial writ of habeas corpus pursuing his claims without being required to waive his right to a speedy trial, allegedly in violation of the sixth amendment. However, under the exhaustion doctrine, petitioner must fairly present such an argument to the state courts, through to the state supreme court, either in seeking to pursue such a pretrial writ or via a petition for another writ. The state courts must be given the first opportunity to correct any alleged constitutional error.

Further to the point, there is no inexorable requirement that a criminal defendant must be able to challenge all pretrial rulings in another court prior to a judgment of conviction, if obtained. There necessarily are limits in the state courts – just as there are in the federal courts – on the extent to which a criminal defendant may challenge pretrial rulings in another forum prior to judgment. Merely because there are such limits in the state courts does not in and of itself open the sluicegates for state criminal defendants to disregard the exhaustion requirement and go directly to federal court during a pending state criminal proceeding to challenge pretrial rulings and other circumstances. Petitioner very well may not be able to exhaust many of his constitutional claims in an appropriate state judicial proceeding until a direct appeal following a conviction or possibly even later in state post-conviction proceedings. The fact that petitioner may not be able to challenge each and every pretrial ruling and circumstance until a direct appeal or later provides absolutely no basis for avoiding the exhaustion requirement. The prematurity of petitioner's claims does not render later state court corrective process inadequate and excuse the exhaustion requirement.

Petitioner also suggests that he is being subjected to conditions of confinement, including actions by officers discussed further *infra*, that impair his ability to represent himself. To the extent that such claims are cognizable in habeas rather than a civil rights action, any cognizable habeas claim is subject to the exhaustion requirement. Petitioner must fairly present the claims to the state courts, through to the state supreme court, in an appropriate proceeding, which potentially may be a direct appeal or state post-conviction proceeding.

Accordingly, even before reaching the *Younger* abstention issue discussed *infra*, it is clear that the petition is subject to immediate dismissal without prejudice because none of petitioner's federal constitutional claims are exhausted. A petition that is completely unexhausted is subject to immediate dismissal. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

***Younger Abstention***

As a general rule, even when the claims in a petition, *arguendo*, otherwise have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking

intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

Petitioner seeks to establish that extraordinary or special circumstances exist by referring to his litany of alleged constitutional violations that he maintains have occurred during the pretrial proceedings in the state district court. Such constitutional claims, however, may be pursued in the state court system, including potentially on direct appeal and/or in state post-conviction proceedings. Petitioner presents no extraordinary or special circumstances *warranting federal intervention* in the pending state criminal proceeding. The fact that he alleges multiple constitutional claims regarding the conduct of the state pretrial proceedings does not constitute an extraordinary or special circumstance in and of itself.

At bottom, the court is presented with an instead ordinary circumstance in which a criminal defendant representing himself in the state courts is proceeding under the erroneous assumption that he can halt the state prosecution and immediately litigate myriad pretrial constitutional challenges *de novo* in a habeas proceeding in federal court. The *Younger* abstention doctrine clearly bars such an effort to use a federal habeas proceeding to disrupt a pending state criminal proceeding.[2]

---

[2] Petitioner posits that he instead has been denied a speedy trial and that he is not using this federal petition to interfere with the state proceedings. However, the minutes of the state district court on its online docket record reflect that: (a) petitioner indicated at a June 5, 2013, proceeding that he "really doesn't want a trial date set until his Federal case has been taken care of;" (b) petitioner then filed a motion for interlocutory stay of trial proceedings pending the outcome of the federal matter; (c) petitioner again requested a stay at a July 10, 2013, proceeding pending a judgment on his federal habeas petition; and (d) petitioner reiterated his request for a stay in a December 16, 2013, hearing. Even more tellingly, petitioner explicitly requests in his latest federal filing that this court "ORDER an IMMEDIATE STAY OF STATE PROCEEDINGS." #26, at 25.

Petitioner's protestations that he is not seeking to impede the impending state criminal trial thus are belied by his own statements, in both courts. In all events, regardless of his subjective intentions and any inconsistencies therein, pursuit of the federal habeas action inherently interferes with the pending state case.

1     Petitioner further alleges that he is subject to being attacked by his jailers and/or other
2 inmates with their acquiescence.[3] Indisputably, the fourteenth amendment protects a pretrial
3 detainee from deliberate indifference by jailers to a serious threat of harm to his safety,
4 including from attacks by either jailers and/or by inmates with the acquiescence of jailers.
5 Petitioner may file a civil rights action seeking relief from the court directed to those alleged
6 circumstances. Such allegations, however, do not provide a basis for a writ of habeas corpus
7 staying the pending state court criminal prosecution and reviewing alleged constitutional
8 errors occurring during the state criminal pretrial proceedings.

9     IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice,
10 both for complete lack of exhaustion and further on the basis of *Younger* abstention.

11     IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of
12 reason would not find the district court's denial of the petition without prejudice both for lack
13 of exhaustion and based on *Younger* abstention to be debatable or wrong. The federal courts
14 are being presented here with an effort by a state criminal defendant facing an impending trial
15 date in a murder case to disrupt the state court proceedings and litigate constitutional
16 challenges to state court pretrial rulings and events in federal court that may be pursued in
17 the state courts through the ordinary course of direct appeal and other proceedings. None
18 of the claims have been exhausted. Federal intervention in the pending state proceedings
19 in the circumstances presented would stand both the exhaustion and *Younger* abstention
20 doctrines on their head. Plaintiff's additional allegations that he is subject to attack by his
21 jailers and/or other inmates potentially may provide a basis for relief in a civil rights action, but
22 they do not provide a basis for a federal court issuing a pretrial writ of habeas corpus
23 interfering with the pending state criminal proceeding.

24     IT FURTHER IS ORDERED that petitioner's motion (#25) for orders, to the extent
25 directed to the district court rather than the court of appeals, and motion (#26) for cause for

---

28     [3]See #26, at 19-21 (referring to a number of different alleged incidents spanning a period of more than two years, with the first alleged incident being in July 2011).

issuance of writ both are DENIED. Petitioner's requests in particular for "authenticated copies" of all orders and other record documents over and above the service copies provided in the ordinary course are denied. Petitioner's suggestion that his ordinary service copies from the federal court of appeals and from this court are of suspect origin unless they are authenticated is frivolous.[4]

The clerk additionally shall SEND by mail an informational hard copy of this order to the Hon. Carolyn Ellsworth, District Judge, Regional Justice Center, 200 Lewis Ave., Las Vegas, NV 89155, in connection with No. C-12-281031-1 in the state district court.

The clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: January 22, 2014.

_____
JAMES C. MAHAN
United States District Judge

---

[4]Petitioner's continued assertions that the court of appeals and this court have not adjudicated the petition as one under § 2241 similarly are frivolous. Regardless of how the clerk designated the cause on the docket sheet, the court at all times has approached the petition as one arising under § 2241. See #16, at 2 n.1. Adjudicating the petition as one arising under § 2241, petitioner simply is not entitled to the relief sought in the circumstances presented, under § 2241. Petitioner is seeking to pursue wholly unexhausted claims of pretrial error in a pending state court criminal proceeding. He may not do that under § 2241 absent special circumstances not presented here.